UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHEYENNE MILES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No.: 3:18-CV-0189 |
| v. | ) |
| | ) JUDGE HARRY S. MATTICE, JR. |
| MCLANE FOODSERVICE | ) |
| DISTRIBUTION, INC. f/k/a | ) MAGISTRATE JUDGE |
| MEADOWBROOK MEAT | ) DEBRA C. POPLIN |
| COMPANY, INC., and MFS | ) |
| FLEET, INC. | ) |
| | ) |
|     Defendants. | ) |

**STIPULATED AMENDED JOINT PROTECTIVE ORDER**

**WHEREAS**, plaintiff Cheyenne Miles ("Plaintiff"), by and through counsel, has requested that defendant McLane Foodservice Distribution, Inc. f/k/a Meadowbrook Meats (hereinafter referred to as "Defendant") make available for inspection and/or copying, copies of files associated with Kevin Fuller, the driver of the tractor trailer involved in the accident, and confidential and proprietary information of Defendant, including but not limited to their training materials; and

**WHEREAS**, Defendant contends that the contents of the said requested documents contain personally identifiable information and confidential and proprietary information; and

**WHEREAS**, Defendant requires that the confidentiality of the contents of the said requested documents be maintained; and

**WHEREAS**, Plaintiff, Defendant, and their attorneys have agreed to comply with the letter and intent of said confidentiality;

**IT IS HEREBY STIPULATED** that:

1. Plaintiff, Defendant, and their attorneys shall not give, show, or otherwise disclose any such documents, materials, or information contained in the above-referenced documents marked "Confidential Under Protective Order," and produced by Defendant in this action; or any copies, prints, negatives, or summaries thereof, to any entity or person except Plaintiff, her attorneys, the Court, the Court's employees and staff, court reporters for depositions and/or trial, witnesses to the extent reasonably necessary to the prosecution or defense of this litigation, any agents, experts, or consultants employed by Plaintiff or his attorneys, in connection with and solely for this action, and any person mutually agreed upon in writing by the parties.

2. Any and all experts, consultants, and counsel associated in this litigation and any other individuals who have access to confidential documents subject to this Stipulated Amended Joint Protective Order, or to the substance thereof, or to any copies, prints, negatives, or summaries thereof, shall be presented with a copy of this Stipulated Amended Joint Protective Order. Those experts, consultants, counsel, and other individuals shall not give, show, or otherwise directly or indirectly disclose any of the confidential documents and/or materials subject to this Stipulated Amended Joint Protective Order, or the existence or substance thereof, or any copies, prints, negatives, or summaries thereof, to any entity or person, except as may be necessary in preparing to render, or rendering, expert advice or assistance in this lawsuit.

3. At the conclusion of the work of such experts, consultants, counsel, or other persons as described in paragraph 2 herein, all confidential documents and materials and all copies, prints, negatives, and summaries thereof shall be returned to the attorneys who retained the expert or consultant or otherwise provided access to the confidential documents and/or materials upon written request of Defendant. Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement, Plaintiff's attorneys shall

return all copies made from the above-referenced documents and produced under the terms of this Stipulated Amended Joint Protective Order to the attorneys representing the producing Defendant in response to the written request of said Defendant's attorneys.

4. The parties to this action and their attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality, and privilege are reserved and all questions of admissibility except authenticity may be asserted at the time of trial of any action in which such confidential documents and/or materials are used or proffered should any such party deem it proper.

5. No party hereto shall be bound by this Stipulated Amended Joint Protective Order as to any information or documents which it possessed prior to this action, unless that information or document was obtained from the other party under circumstances from another party requiring such producing party to treat it as confidential, or such information can be obtained publicly or without entry into a protective order.

6. Any party claiming that documents contained in the said referenced documents have been in the possession of such first party or have been in the possession of the public prior to disclosure of such information in discovery herein shall have the burden of proving such earlier possession or such public knowledge of such information.

7. This Stipulated Amended Joint Protective Order shall be without prejudice to the rights of the parties in any other action and applies solely to the above-captioned action; however, the Stipulated Amended Joint Protective Order shall apply to documents produced which may be used by Plaintiff's attorneys in any other case.

8. By this Stipulated Amended Joint Protective Order, the parties do not waive any rights they may possess to compel further discovery responses or to object to any discovery requests made by either party.

9. The terms of this Stipulated Amended Joint Protective Order shall remain fully active until released by written consent of Defendant or court order. The provisions of the Stipulated Amended Joint Protective Order shall continue to be binding as to the contents of the referenced documents produced pursuant to it.

10. The parties to this action and their attorneys reserve the right to request the Court to determine and rule whether it is necessary or appropriate for documents or materials originally produced under the provisions of this Stipulated Amended Joint Protective Order to remain subject to the provisions of this Stipulated Amended Joint Protective Order.

Based upon the agreement of the parties, they are hereby ordered and directed to abide by the terms of this Stipulated Amended Joint Protective Order.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

APPROVED FOR ENTRY:

LEWIS THOMASON

By: /s/*Mary Beth White*
    Mary Beth White, BPR #24462
    Mikel Towe, BPR #032404
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219
    (615) 259-1366
    mbwhite@lewisthomason.com
    mtowe@lewisthomason.com

*Attorneys for defendant McLane Foodservice Distribution, Inc. f/k/a Meadowbrook Meat Company, Inc. and MFS Fleet, Inc.*

LAW OFFICES OF HENRY S. QUEENER

By: /s/*Henry S. Queener*
    Henry S. Queener, BPR #021249
    213 Fifth Avenue North
    2nd Floor, Suite 200
    Nashville, TN 37219
    (615) 933-9000

*Attorneys for plaintiff Cheyene Miles*